UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI ANWAR-ALI ZIEN-AL-ABEDEEN, et al

    Plaintiffs,                                           Case No. 17-12063

v.                                                         Honorable Victoria A. Roberts

PERRY TEOLIS, et al

    Defendants.

_____/

## ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**I.    Introduction**

Ali Anwar-Ali Zien-Al Abedeen ("Zien"), Noor Fawzi, R.S. (a minor), and K.A.Z. (a minor); (collectively, "Plaintiffs"), filed a multi-count complaint arising from Zien's arrest. Plaintiffs sue five Defendants: (1) the Warren Police Department; (2) the Warren Police Commissioner; (3) Officer Teolis, (4) Officer Moran; and (5) Detective Kevin Dailey. Plaintiffs sue the officers in their individual and official capacities.

The suit contains two federal claims: (1) Count I—Violations of the Fourth, Fifth, and Fourteenth Amendments under 42 U.S.C. §1983 for all Plaintiffs and against all Defendants; and (2) Count II—Violation of the Eighth Amendment for Excessive Bail under §1983 for all Plaintiffs and against all Defendants.

There are four state claims: (3) Count III—Malicious Prosecution for all Plaintiffs and against all Defendants; (4) Count IV— False Imprisonment for all Plaintiffs and against all Defendants; (5) Count V—Abuse of Process for all Plaintiffs and against all Defendants; and (6)

1

Count VI—Intentional Infliction of Emotional Distress for all Plaintiffs and against all Defendants.

The Defendants filed a summary judgment motion. For reasons that follow, summary judgment is **Granted** in favor of the Defendants on all counts with the exception of Zien's State Claim for Malicious Prosecution in Count III against the individual defendants. And the Court declines to exercise supplemental jurisdiction over it.

**II.     Statement of Material Facts**

These facts are taken from Defendants' brief and are largely uncontested by Plaintiffs.

On July 17, 2016, around 5 am, the Warren Police Department ("WPD") responded to a 911 call from Nicky D's restaurant regarding a disorderly customer who refused to leave. Warren Police Officers Perry Teolis ("Teolis") and John Moran ("Moran") responded to the 911 dispatch. Teolis arrived first. He observed Zien in his vehicle, yelling at the drive-thru clerk. Teolis approached Zien's car and ordered him to put the car in park.

Teolis asked Zien for identification; Zein refused. Teolis believed Zein to be intoxicated because of his erratic behavior. He observed that Zien had bloodshot eyes and sweated profusely.

Zien provided identification to Teolis on the second request. Teolis checked Zien's identification through the Michigan Law Enforcement Information Network, which showed that Zien was driving on a suspended license.

Moran arrived as backup and discussed the dispute with Zien. Teolis returned to Zien's car and informed him that the restaurant wanted him to leave. Zien demanded his money back. The officers informed Zien that they would try to retrieve his money from the restaurant but asked that he pull his car out of the drive-thru line and remain in it. Zien pulled out of the drive-thru but did not stay in his car. The officers ordered Zien to get back into his car; Zien refused. After

2

numerous commands to get back inside his car, Teolis directed Zien to turn around because he was under arrest. Zien refused to comply with this order. At that time, Zien grabbed the car door with both hands, and the officers became concerned that Zien was reaching for something. They took Zien to the ground to handcuff him. They placed him under arrest for driving on a suspended license, disorderly conduct, and on suspicion of operating while intoxicated.

A field sobriety test was not performed at the scene. The Defendants say Zien refused to take a breathalyzer test at the police station and Teolis had to obtain a warrant for a blood draw, which revealed that Zien had a blood alcohol content of 0.094. The Plaintiffs contend that Zien was never offered a breathalyzer test and he never refused to submit to one.

Teolis conducted an inventory search of Zien's vehicle. He found an orange or amber-colored pill bottle in the front passenger seat that was labeled for Noor Fawzi. The pill bottle contained a crystal-like substance, similar to rock candy. Teolis seized the substance for testing. Teolis conducted a field test of the crystal substance. The results came back positive for crystal methamphetamine. Teolis added possession of methamphetamine ("crystal meth") as another charge.

Detective Kevin Dailey ("Dailey") was assigned to Zien's case. Dailey believed probable cause existed for each charge for the following reasons: (1) Zien's erratic behavior; (2) Zien's refusal to comply with the officers' commands; (3) the statement of the drive-thru clerk; (4) the time of day of the arrest; (5) Zien's refusal to submit to a breathalyzer; (5) the positive field test; and (6) Zien's refusal to speak to a detective without counsel present. Dailey admits that if Zien's behavior was not consistent with such a serious drug charge or had he explained himself, Dailey would have been obligated to investigate further. Plaintiffs argue Dailey never asked Zien if he wanted to make a statement nor did he advise him of his Miranda rights.

Dailey provided Zien with an affidavit for Intent to Forfeit under the Controlled Substance Act. Zien signed it but complains that he is of Arabic descent and English is not his first language. He says he was not aware of what he signed.

Dailey prepared a request for warrant authorization. Zien was charged with: (1) possession of methamphetamine; (2) operating while intoxicated; and (3) operating on a suspended license. At arraignment, the judge set Zien's bond at $50,000 cash/surety.

After arraignment, Zien replaced his court-appointed attorney with Mark Teklinski. Zien waived his right to a preliminary exam. Defendants argue that without a date for a preliminary examination or trial, the Michigan State Police (MSP) Laboratory does not test suspected contraband.

Zien ultimately fired Teklinski and hired Shelia Miller. Miller moved to remand the case to the Warren District Court for preliminary examination. Dailey then took the crystal-like substance to the MSP's Lab for identification. The MSP Lab's result was negative for crystal meth.

Zien was released on a personal bond; the charge of possession of methamphetamine was dismissed. The other charges of disorderly conduct and driving while intoxicated were dismissed because Zien had already spent more days in jail on these charges then he would have spent had he been convicted and received the maximum. Zien was incarcerated for 121 days.

Plaintiffs stipulate to summary judgment on: (1) Counts I and II, the §1983 claim of R.S.; (2) Count III, the Malicious Prosecution claims of Fawzi, R.S., and K.A.Z; and (3) Count V, Abuse of Process claim for all Plaintiffs.

Five matters remain: (1) Count I —Fourth, Fifth, and Fourteenth Amendment violations under 42 U.S.C. §1983 for Plaintiffs Zien, Fawzi, and K.A.Z against all Defendants; (2) Count

II— Eighth Amendment violation under 42 U.S.C. §1983 for Plaintiffs Zien, Fawzi, and K.A.Z. against all Defendants; (3) Count III—State claim for Malicious Prosecution for Zien against all Defendants; (4) Count IV—State claim for False Imprisonment for all Plaintiffs against all Defendants; and (5) Count VI—state claim for Intentional Infliction of Emotional Distress for all Plaintiffs against all Defendants.

### III. Abandoned Claims

Plaintiffs fail to address the following claims in their response to Defendants' summary judgment motion: (1) Count I regarding the Fifth and Fourteenth Amendment Violations; and (2) Count VI for Intentional Infliction of Emotional Distress.

The Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when that plaintiff fails to address it in response to a motion for summary judgment. See, *Brown v. VHS of Mich., Inc.*, 545 Fed. Appx 368, 372 (6th Cir. 2013), citing *Hicks v. Concorde Career Coll.,* 449 F. App'x 484, 487 (6th Cir. 2011), which held that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in response to a motion for summary judgment.

Accordingly, the Court finds that Plaintiffs abandoned the following claims: (1) Count I—§1983 claim regarding the Fifth and Fourteenth Amendment for Zien, Fawzi, and K.A.Z.; and (2) Count VI—Intentional Infliction of Emotional Distress for all Plaintiffs. The Court will not analyze these claims on their merits.

### IV. Derivative Claims

Fawzi's and K.A.Z.'s Fourth Amendment claim for False Imprisonment under Count I and Eighth Amendment claim under Count II are based on "loss of consortium and "loss of relationship." These Plaintiffs provide the arresting video of Zien, which shows Zien telling the

5

Defendants that Fawzi is pregnant. Plaintiffs claim that because Defendants knew Fawzi was pregnant and would give birth soon, Defendants' actions were directed at Zien, his spouse, and his child. Plaintiffs claim that because of the Defendants' actions: Fawzi had to give birth alone; she suffered the loss of her husband's income and his presence to co-parent their children. Plaintiffs also claim that K.A.Z. was denied the right to establish a parent-child relationship with Zien while he was in prison.

They say derivative claims are actionable when Defendants' actions are directed at the relationship between the party directly hurt, his spouse, and their child, citing *McCurly v. Dodd*, 352 F.3d 820 (3rd Cir. 2003). *McCurly*, 352 F.3d at 829, is not binding on this Court. Furthermore, it does not support the Plaintiffs' claims.

Defendants correctly direct the Court to law in the 6th Circuit. In *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000), the court held "§1983 actions are entirely personal to the direct victim of the alleged violation and no cause of action may lie under §1983 for emotional distress, loss of loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family."

Accordingly, the Court **grants** summary judgment in favor of Defendants on Fawzi and K.A.Z.'s §1983 claims in Count I and II.

### V.  Legal Standard

#### Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. All facts and inferences must be construed in a light most

favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The plain language of Fed. R. Civ. Pro 56(c) mandates the entry of summary judgment against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett,* 477 U.S. 317, 322 (1986).

To succeed on a summary judgment motion, there can be no "genuine issue as to any material fact." *Id*. at 323. The moving party bears the initial burden to prove the basis for summary judgment. *Id*. Then, the burden shifts to the opposing party to demonstrate a genuine issue of fact for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986). The judge is not to weigh the evidence and determine the truth of the matter, but must determine whether there is a genuine issue for trial. *Id.* at 249. A genuine issue for trial exists when there is sufficient evidence on which the jury could reasonably find for the plaintiff. *Id.* at 252.

## VI. Analysis

### 1. §1983 Civil Action for Deprivation of Rights in Counts I and II

Zien seeks compensation for violations of the Fourth and Eighth Amendments of the United States Constitution under 42 U.S.C. §1983.

To successfully plead a §1983 claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Ziegler v. Aukerman*, 512 F.3d 777, 781 (6th Cir. 2008).

#### A. Count I: §1983 Fourth Amendment False Imprisonment Claims and Count IV: False Imprisonment State Claim for Zien

Zien allege a federal civil rights violation and a state tort claim for False Imprisonment.

Zien does not dispute that probable cause existed for his arrest for driving on a suspended license and operating his vehicle while intoxicated. However, Zien argues that once lawfully in custody, Teolis and Moran caused him to be detained, prosecuted, and falsely imprisoned on a drug charge. Zien explains that the drug charge was based on a false positive field test result and the officers' failure to report their suspicions that the substance was candy, not crystal meth. Zien argues that the Defendants did not have probable cause to detain him on a felony charge for possession of crystal meth.

A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest. *McCormick v. Oakwood Healthcare, Inc.*, 2017 U.S. App. Lexis 25051 at *7 (E.D. Mich. December 12, 2017). Similarly, a false arrest claim under Michigan law requires a plaintiff to show that defendants participated in an illegal and unjustified arrest, and that the defendants lacked probable cause to do so. *Id* at 8. A false arrest is one means of committing a false imprisonment. "False arrest is synonymous with false imprisonment where one confines another claiming to have legal authority." *McCune v. Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988).

Defendants argue they cannot be liable for false imprisonment on the felony drug charge because the charge was only added after the positive field test. They say the fact that lab testing later revealed this was a false positive test is irrelevant.

Defendants rely on *Lamping v. Walraven*, 30 Fed. Appx. 577, 580 (6th Cir. 2002), which held that "the mere fact that the laboratory test returned a contrary result does not raise an inference that [the officer] is lying when he said the test came out positive; more evidence is needed."

8

Under *Lamping*, the positive field test provided probable cause for Zien's arrest and imprisonment on a drug charge even though the Michigan State Police Laboratory test came back negative.

*Lamping* controls. Defendants had probable cause to detain Zien based on the results of the field test.

Accordingly, the Court **grants** summary judgment in favor of the Defendants and against Zien on Count I and Count IV for False Imprisonment.

Moreover, Fawzi and K.A.Z. are named Plaintiffs in Count IV for False Imprisonment. Their claim is a derivative state claim based on loss of consortium for False Imprisonment. Because summary judgment is granted in favor of the Defendants for Count IV and against Zien, Fawzi's and K.A.Z.'s claims are also dismissed.

### B. Count II —Eighth Amendment Claim for Zien

Zien argues his Eighth Amendment right to be free from excessive bail was violated because of the high bail that was set. Zien says his was the bail amount that would be set for a 10-year felony. Because of his inability to post bail, Zien says he suffered unjust incarceration.

Plaintiff provides no law to support his claim that these Defendants should be liable for the state court's decision to impose a $50,000 bond.

Defendants argue that an Eighth Amendment excessive bail claim fails where a judge, not the named-Defendants, make the bond determination.

Defendants direct the Court to *Ghaith v. Rauschenberger*, 493 F. App'x 731, 739 (6th Cir. 2012), which dismissed an Eighth Amendment excessive bail claim against the police officers alleged to have made a false statement, holding that judges not officers, set bail. In *Waller v. Barnes*, 2000 U.S. App. Lexis 19480 at *6 (6th Cir. August 8, 2000), the Court of Appeals

9

dismissed a similar claim where it found that the named defendants were not responsible for setting bail.

Zien fails to demonstrate these Defendants are responsible for an Eighth Amendment violation.

Accordingly, the Court **grants** summary judgment in favor of the Defendants and against Zien regarding his Eighth Amendment claim.

### C. Federal and State Claims against the Warren Police Commissioner

Zien named the Warren Police Commissioner in every count, alleging that the Warren Police Commissioner implicitly authorized a delay in the submission of evidence to the Michigan State Police laboratory.

Defendants say the Warren Police Commissioner cannot be sued under §1983 for *respondeat liability.* They rely on *King v. Zamiara*, 680 F.3d 686, 696-97 (6th Cir. 2012), In *King*, the Court acknowledged that "superiors and supervisors are generally not liable for the acts of those whom they oversee." Defendants also cite to *Bellamy v. Bradley*, 729 F.2d. 416, 491 (6th Cir. 1984), the Court acknowledged that "[a] supervisor must have actively participated in or authorized the conduct."

Plaintiffs provide no evidence that the Warren Police Commissioner encouraged or directly participated in any misconduct causing a constitutional violation. Plaintiffs admit the Commissioner was not directly involved in the decision to delay laboratory analysis of evidence in Zien's case, but say that it is "immaterial because by failing to require diligent and expeditious submissions to the laboratory… the commissioner implicitly authorized the delay." This argument is meritless.

The Court **Grants** summary judgment in favor of the Warren Police Commissioner and against the Plaintiffs on all of Plaintiffs' claims.

### 2. Monell Claim

Plaintiffs lodge allegations against the City of Warren Police Department throughout their complaint based on its policy to rely upon field tests of drugs to establish probable cause, and to wait until a preliminary hearing is scheduled before the drugs are sent to the MSP Laboratory for testing.

First and foremost, the Warren Police Department is not a legal entity capable of being sued. *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997). For that reason alone, all counts against the Warren Police Department are dismissed.

Secondly, allowing Plaintiffs to amend to name the City of Warren would be futile. The Court has already determined that Plaintiffs suffered no constitutional violation. To prevail on a §1983 claim against a municipality, a litigant must show a constitutional violation that was due to a municipal policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Since Plaintiffs cannot show a constitutional violation, their *Monell* claim fails. *Id*. at 694.

### 3. State Claim- Malicious Prosecution for Zien

One claim remains against Defendants, and that is Zien's state claim for Malicious Prosecution.

A district court is within its discretion to decline to exercise supplemental jurisdiction over a state claim if all federal claims have been properly dismissed, 28 U.S.C. §1367(c)(3).

Accordingly, the Court declines to exercise supplemental jurisdiction over Zien's state claim for Malicious Prosecution.

V. Conclusion

Defendants' motion for summary judgment is **GRANTED**, with the exception of Zein's Malicious Prosecution claim in Count III against the individual defendants. And the Court declines to exercise supplemental jurisdiction over it.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: 8/14/18